JOSÉ RAMÓN RIVAS RIVERA, Petitioner and Appellant, v. GERARDO DELGADO, WARDEN, ETC., Respondent and Appellee.

No. 12927.   Decided November 21, 1962.

*Federico Valladares* for appellant.   *J. B. Fernández Badillo, Solicitor General,* and *Jorge Segarra Olivero, Assistant Solicitor General,* for The People.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

PER CURIAM.

On April 22, 1958 petitioner-appellant filed in his own right a petition for habeas corpus in the San Juan Part of the Superior Court, alleging the nullity of a sentence of imprisonment in the penitentiary of 5 to 10 years imposed on

April 13, 1948 in case *F-895*. He alleged two grounds of nullity: (1) that the provisions of § § 44 and 33 of the Code of Criminal Procedure of Puerto Rico were not complied with because when he was arrested he was not brought before an examining magistrate; and (2) that he did not have due assistance of counsel. In his answer the warden of the penitentiary alleged that on March 23, 1948 petitioner was sentenced in case *F-845* to serve from 3 to 15 years' imprisonment, and that on April 12, 1948 he was sentenced to serve from 5 to 10 years' imprisonment in case *F-895*. He further certified that the sentence of 3 to 15 years had been served by February 6, 1958, and that the sentence of 5 to 10 years would be extinguished by October 6, 1964.

The hearing of the petition was held June 24, 1958 and evidence was heard as to whether or not petitioner had had due assistance of counsel in case *F-895*. On September 30, 1958 the trial court issued a brief order denying the petition, considering only the issue involving § § 33 and 44 of the Code of Criminal Procedure. It made no pronouncement as to the main issue of adequate defense. On October 14, 1958 petitioner filed a petition for appeal and on October 23 he obtained an order for transcript of the record in forma pauperis. Between October 23, 1958 and March 28, 1960 seventeen extensions of time of one month each were granted to the stenographer to prepare the transcript, without the court investigating the situation of the record in connection with any of them. As of March 28, 1960 there is no evidence in the record regarding the transcript, which was finally filed on July 21, 1961. It was approved on August 24, 1961. The transcript consists of 27 pages.

■■ The appeal before this Court was perfected on October 9, 1962. Apart from the manner in which this case will be disposed of, such a delay in the preparation of a brief stenographic record is undesirable, particularly in a habeas corpus proceeding. This is not a mere dispute be-

tween private parties; it is rather a proceeding in which the State has an interest in ascertaining whether a person is illegally deprived of his liberty. This makes desirable the exercise of greater vigilance on the part of the trial court to prevent that situations such as that pointed out above should be produced. If this petitioner had been finally recognized the right to his liberty—if other facts to which we shall make reference had not intervened—the delay would have been highly prejudicial to him.

This appeal is academic. The warden of the penitentiary certified that the sentence of 3 to 15 years' imprisonment imposed in case *F-845* had been served by February 6, 1958 before this appeal was taken. Notwithstanding that sentence had been served, the same was set aside on July 6, 1960 by the San Juan Part of the Superior Court in another habeas corpus proceeding filed on March 4, 1960. It was set aside on the ground that defendant had not had due assistance of counsel in case *F-845*. As a result of this ruling setting aside the sentence in case *F-845*, certain adjustments were made to defendant whereby the sentence imposed in case *F-895*, which would expire by October 6, 1964, was extinguished, and on July 8, 1960 petitioner was set free.

Under these circumstances, this appeal is academic. *Cf. Commonwealth* v. *Aguayo*, 80 P.R.R. 534; *Díaz* v. *Campos*, 81 P.R.R. 975. Judgment will be rendered ordering the dismissal.